UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-111 |
| | ) | (PHILLIPS/SHIRLEY) |
| JIMMY JEROME SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Substitute Counsel [Doc. 17]. The parties appeared before the Court on October 21, 2008. Assistant United States Attorney Tracee Plowell was present representing the Government. Assistant Federal Defender Jonathan Moffatt was present representing the Defendant, who was also present.

The Defendant's Motion to Substitute Counsel [Doc. 17] was filed October 15, 2008, and at a hearing held the same day to address resetting the trial, Attorney Moffatt represented to the Court that the relationship was broken. At the October 21, 2008 hearing, Attorney Moffatt stated that there had been no improvement in the relationship. The Defendant had unequivocally informed Attorney Moffatt that he desired new counsel. Attorney Moffatt stated that the Defendant did not trust him and the relationship had deteriorated to such an extent that he could no longer render an adequate defense for the Defendant. Attorney Moffatt felt that additional time would only worsen

1

the relationship.

The Defendant agreed with Attorney Moffatt's assessment of the relationship. The Defendant stated that there had been a serious breakdown in the attorney-client relationship and that the relationship would only worse with time. The Court warned the Defendant that, while the Court was obligated to provide competent counsel, it was not required to provide the Defendant with an endless stream of attorneys. The Defendant stated that he understood that attorney substitutions would be made only for good cause. The Government had no objection to the Defendant's request for a new attorney.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). The Court concludes that good cause exists to allow Attorney Moffatt to withdraw and to appoint new counsel for the Defendant. The Court finds that the communication between the Defendant and Attorney Moffatt has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court finds that the Defendant's Motion to Substitute Counsel **[Doc. 17]** is well-taken, and accordingly, it is **GRANTED**.

At the hearing, Attorney Kim Parton was present in the courtroom and agreed to accept representation of the Defendant. The Defendant agreed to the appointment of Attorney Parton. Attorney Parton stated that she had spoken with Attorney Moffatt and knew of no conflicts that would prohibit her from representing the Defendant. Further, she confirmed that the February 24, 2008, trial date was agreeable. Finally, Attorney Parton agreed that she would obtain any pertinent files or discovery from Attorney Moffatt as soon as possible. The Court finds it

2

Case 3:08-cr-00111-TWP-HBG   Document 21   Filed 10/21/08   Page 2 of 3   PageID #: 44

appropriate to **SUBSTITUTE** and **APPOINT** Attorney Parton under the Civil Justice Act (CJA) as counsel of record for the Defendant.

      **IT IS SO ORDERED.**

                                      ENTER:

                                        <u>s/ C. Clifford Shirley, Jr.</u>
                                        United States Magistrate Judge