UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-111 |
| | ) | (PHILLIPS/SHIRLEY) |
| JIMMY JEROME SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on February 19, 2009, for a motion hearing on the parties' Joint Motion to Continue [Doc. 24], filed on February 6, 2009. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney John E. Eldridge represented the defendant, who was also present.

In the motion, the parties request that the February 24, 2009 trial date be continued to April 13, 2009, because they need additional time to prepare for trial. At the hearing, counsel for the government stated that while this case was not document intensive, the government needed additional time to get all of the discovery to the defendant because the scope of the discovery involved going back three and one-half years ago. As a result, the defendant was delayed in his review of discovery. Defense counsel agreed that he needed additional time due to the delay in receiving discovery. The Court questioned the defendant, who acknowledged that he wanted his trial to be continued two months and that he would remain in custody until his new trial date.

The Court finds the parties' motion to continue [Doc. 24] the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Due to some of the information being three and one-half years old, the government was delayed in providing the defendant with complete discovery. As a result, defense counsel needs additional time to review discovery and to prepare the case for trial. The Court finds that this could not take place before the February 24, 2009 trial date or in less than two months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Court **GRANTS** a continuance of the trial and resets it to **April 13, 2009**. The Court also finds, and the parties agree, that all the time between the February 19, 2009 hearing and the new trial date of April 13, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is ordered:

(1) The parties' Joint Motion to Continue [**Doc. 24**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 13, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge; and

(3) All time between the **February 19, 2009** hearing and the new trial date of **April 13, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge