UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-111 |
| | ) | (PHILLIPS/SHIRLEY) |
| JIMMY JEROME SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 23, 2009, for a hearing on retained defense counsel's Motion to Withdraw [Doc. 32], filed on April 8, 2009. Assistant Untied States Attorney Tracee Plowell appeared on behalf of the government. Attorney John E. Eldridge appeared with the defendant, who was also present.

In the Motion to Withdraw, Attorney Eldridge asks to be removed as attorney of record for the defendant because the defendant has stated an intention to retain other counsel. The parties appeared on the motion on April 8, 2009, and the defendant stated that he was in the process of meeting with another attorney about the possibility of retaining him. The Court continued the hearing to April 17, 2009, to give the defendant time to retain new counsel. On April 17, Mr. Eldridge appeared on behalf of the defendant, who informed the Court that he was attempting to retain Attorney Ralph Harwell. The Court continued the hearing a second time to April 23, 2009. On that day, the defendant appeared and stated that he had not retained new

1

counsel but that he would like to represent himself. Mr. Eldridge and the defendant both informed the Court that the defendant had lost confidence in Mr. Eldridge and no longer trusted him. The government took no position on Mr. Eldridge's withdrawal but stated that the defendant's decision to represent himself was a poor one. It requested that the Court appoint standby counsel.

Based upon the defendant's and Mr. Eldridge's statements at the April 23 hearing, the Court finds that the trust necessary for an adequate defense no longer exists in the attorney-client relationship, that communications between the defendant and counsel have broken down, and that the situation is unlikely to improve. Accordingly, the Court finds that good cause exists to grant Mr. Eldridge's Motion to Withdraw [**Doc. 32**], the same is **GRANTED**, and Mr. Eldridge is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

After addressing the withdrawal of Mr. Eldridge, the Court turned to the matter of the defendant's desire to represent himself. The Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent. Faretta v. California, 422 U.S. 806, 835 (1975) (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)). In the present case, the Court reviewed with the defendant, a list of questions designed to explain the obligations and difficulties of *pro se* representation, as approved by the Sixth Circuit in United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). The Court also strongly advised the defendant that it would be in his best interest to be represented by an attorney, rather than representing himself. The defendant declined the representation of another attorney, stating

that even in light of all of the dangers and disadvantages of self-representation, he wanted to represent himself. Based upon the defendant's answers to the McDowell questions, the Court found that the defendant knowingly and voluntarily waived his right to counsel and should be permitted to represent himself.

The Court next considered the appointment of standby or elbow counsel for the defendant. The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta, 422 U.S. at 834 n.36 (noting that the "State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary"). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." Wiggins, 465 U.S. at 178. The Court also observed that the defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.

Id. at 183. The Court noted that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." Id. at 184.

3

With these principles in mind, the Court appointed Attorney Randall E. Reagan to participate as standby counsel for the defendant pursuant to the Civil Justice Act. To the extent possible, Mr. Reagan shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. He should help the defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the defendant himself has clearly indicated that he wants to complete. Mr. Reagan may also, upon the defendant's request, aid him by means of technical assistance in the presentation of his defense and the preservation of the record for appeal. Finally, the trial court may ask Mr. Reagan to represent the defendant should he decide that he no longer wants to represent himself or if the termination of self-representation becomes necessary, such as if the defendant must be removed from the courtroom for disruptive behavior.

Finally, the Court addressed the other pending motions and some scheduling matters. The defendant stated that he did not want to pursue the Motion for Leave to File Motion for Relief from Prejudicial Joinder Out-of-Time [Doc. 27], filed by Attorney Eldridge. He stated that he would prefer to have a single trial, rather than two trials. Accordingly, this motion [**Doc. 27**] is **DENIED as moot**. The Court also finds that the Motion to Exclude Government's Witnesses, or in the Alternative, Motion to Continue [**Doc. 30**] is also **DENIED as moot**, because the Court continued the trial to **August 19, 2009**, at the April 8 hearing. The defendant requested time to file pretrial motions. The Court set a new motion-filing deadline of **May 22, 2009**. Responses to motions are due on or before **June 5, 2009**. The parties are to appear before the undersigned for a motion hearing on **June 17, 2009, at 9:30 a.m.**

4

Accordingly, it is ordered that:

(1) Defense counsel's Motion to Withdraw [**Doc. 32**] is **GRANTED**, and Attorney John E. Eldridge is permitted to withdraw as the defendant's counsel of record;

(2) The defendant is permitted to represent himself;

(3) Attorney Randall E. Reagan is appointed as the defendant's standby or elbow counsel under the Civil Justice Act, pursuant to the limitations on that role stated herein;

(4) The Motion for Leave to File Motion for Relief from Prejudicial Joinder Out-of-Time [**Doc. 27**] and the Motion to Exclude Government's Witnesses, or in the Alternative, Motion to Continue [**Doc. 30**] are both **DENIED as moot;**

(5) The defendant has until **May 22, 2009**, to file any motions;

(6) The response deadline is **June 5, 2009**; and

(7) The parties are to appear before the undersigned for a motion hearing **June 17, 2009, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge