IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-111 |
| | ) | |
| JIMMY JEROME SMITH, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Dismiss Due to Preindictment Delay [Doc. 50], filed on June 16, 2009. The defendant argues that Counts One through Three of the Indictment [Doc. 3] should be dismissed because the near three-year delay between the commission of the alleged offenses on August 24, 2005, and the bringing of federal charges against him on July 22, 2008, violates his right to due process under the Fifth Amendment. The Court held an evidentiary and motion hearing on August 14, 2009. Assistant United States Attorneys Tracee Plowell and Kelly Ann Norris represented the Government. Attorney Randall E. Reagan appeared on behalf of the Defendant, who was also present.

On July 22, 2008, the Defendant was charged in a six-count Indictment [Doc. 3], which alleges that he possessed cocaine with intent to distribute on August 24, 2005 (Count One); used a firearm in relation to a drug trafficking crime on August 24, 2005 (Count Two); was a felon

1

in possession of a firearm on August 25, 2005 (Count Three); possessed crack cocaine with intent to distribute on July 16, 2008 (Count Four); possessed a firearm in furtherance of a drug trafficking crime on July 16, 2008 (Count Five); and was a felon in possession of a firearm on July 16, 2008 (Count Six). In his motion, the Defendant presents the following factual background to his argument: On August 24, 2005, Wendell Petty of Tennessee Auto Recovery repossessed a car that was titled to the Defendant. Mr. Petty called Knoxville Police Department (KPD) Officer Bruce Conkey to report finding a gun and several sandwich baggies in the car. KPD Officer James Claiborne went to Tennessee Auto Recovery and found, inside the car, a small leather bag containing a gun, $2998, a digital scale, sandwich baggies, and two baggies containing 22.6 grams of cocaine. A face mask and miscellaneous documents were also removed from the car. While an officer was still on the premises, the Defendant came to Tennessee Auto Recovery. The officer spoke with the Defendant, who was then permitted to leave. No charges were filed against the Defendant regarding this incident until the instant Indictment was brought in July 2008.

The Defendant argues that the Government's investigation of the events of August 2005 was concluded, at the latest, on February 16, 2006, when the Tennessee Bureau of Investigation issued a laboratory report on the cocaine found in the car. He maintains that the Government had no valid reason to delay bringing the charges against him for three years. He also maintains that the effect of the delay was to impair his ability to defend himself due to dimmed recollections of events, difficulty in locating witnesses, and the potential loss of testimony of one witness.

At the August 14 hearing, defense counsel stated that on the morning that the Defendant's car was repossessed, the Defendant returned home from work and learned that his car

2

was gone. The Defendant's brother had borrowed the Defendant's car that evening, had returned the car, and had left the keys inside the house. The Defendant called 9-1-1 to report that his car was missing. Defense counsel stated that he, his investigator, and prior defense counsel have been unable to locate the record of that telephone call.

Defense counsel stated that shortly after calling 9-1-1, the Defendant learned that the car had been towed. The Defendant went to the wrecker service and spoke with Officer Conkey. Officer Conkey also interviewed the Defendant's Knoxville Area Transit (KAT) supervisor regarding the Defendant's work schedule. Defense counsel stated that he had not been able to locate the Defendant's former supervisor, nor did he have a copy of Officer Conkey's report on his interview with her. Defense counsel also noted that the cocaine found in the car and the baggies containing it were destroyed on March 14, 2008. The Defendant argues that he now cannot conduct any independent testing on this evidence. Likewise, all other evidence from the 2005 case, other than the gun and including a box of sandwich baggies that was tested for fingerprints, has been destroyed. The Defendant argued that the destruction of this evidence in March 2008 contradicts the Government's statement that this was an ongoing investigation.

The Government responds [Doc. 63] that any preindictment delay in this case resulted from its ongoing investigation of the Defendant's actions. It maintains that dimmed memories and even the loss of a witness's testimony do not constitute prejudice when an indictment is brought within the statute of limitations. At the August 14 hearing, AUSA Plowell stated that although the cocaine seized from the Defendant's car in 2005 has been destroyed, the Defendant has access to the laboratory report and may question the chemist about it. She also represented that the Government had photographs of the cocaine and all of the other items taken from the Defendant's

3

car. The Government also argued that the Defendant has made no showing that it delayed in bringing an indictment in this case in order to gain a tactical advantage.

Statutes of limitations provide the main protection against prosecutorial delay in charging a defendant. United States v. Lovasco, 431 U.S. 783, 789 (1977). "Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." Toussie v. United States, 397 U.S. 112, 114-15 (1970). In the present case, the indictment was brought within the applicable five-year statute of limitations. See 18 U.S.C. § 3282(a) (imposing a five-year statute of limitations for all non-capital cases). Nevertheless, delay in prosecuting a defendant can implicate due process even if the indictment is brought within the statute of limitations. United States v. Marion, 404 U.S. 307, 325 (1971) (reversing dismissal for three-year time period between crimes and indictment). To assess whether a constitutional violation has occurred, courts are to determine whether the "'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency,'" are violated. Lovasco, 431 U.S. at 790 (quoting Mooney v. Holohan, 294 U.S. 103, 112 (1935), and Rochin v. California, 342 U.S. 165, 173 (1952)). "Dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." United States v. Brown, 667 F.2d 566, 568 (6th Cir. 1982), see also United States v. Greene, 737 F.2d 572, 574 (6th 1984).

In the present case, the Defendant seeks to show substantial prejudice from the delay by arguing that (1) he is unable to locate a potential witness, his KAT supervisor, (2) that the

4

recording of his 9-1-1 call to report a missing vehicle cannot be located, and (3) that certain physical evidence–the cocaine, the sandwich baggies, digital scales, currency, and a black leather bag taken from the Defendant's car on August 24, 2005–has been destroyed. With regard to the missing physical evidence, the Defendant argues that he can no longer conduct independent testing of this evidence. The defendant bears the burden of showing substantial prejudice by definite proof, rather than speculation. United States v. Birney, 686 F.2d 102, 105-06 (2nd Cir. 1982); see also United States v. Rogers, 118 F.3d 466, 475 (6th Cir. 1997).

With regard to the loss of a witness due to preindictment delay, the Sixth Circuit has held that

> The death of a potential witness during the pre-indictment period may demonstrate the requisite prejudice if the defendant can demonstrate that exculpatory evidence was lost and could not be obtained through other means. However, a defendant does not show actual prejudice based on the death of a potential witness if he has not given an indication of what the witness's testimony would have been and whether the substance of the testimony was otherwise available.

Rogers, 118 F.3d at 474 (internal citations omitted). The Court begins by noting that the Defendant presented no proof on the inability to call his KAT supervisor. Assuming that the KAT supervisor cannot be located, the Defendant has not shown that KAT records regarding his work history from that time period also do not exist. In other words, the Court cannot find that the presumed substance of the KAT supervisor's testimony–that the Defendant worked that evening–is otherwise unavailable.

With regard to the lost 9-1-1 record, defense counsel stated at the August 14 hearing that his investigator spoke with the 9-1-1 director. The 9-1-1 staff had conducted an extensive

5

search but could not locate that record from three years ago. Defense counsel proffered that this recording would show that the Defendant called 9-1-1 to report that his car had been stolen on August 24, 2005. Presumably, the Defendant seeks this 9-1-1 recording to corroborate his assertion that he called 9-1-1 to report his car was stolen. The Ninth Circuit has addressed the sufficiency of a showing of prejudice regarding corroborative evidence: In United States v. Rogers, 722 F.2d 557, 561 (9th Cir. 1983), the defendants, charged with bankruptcy fraud, argued that preindictment delay caused them prejudice due to the destruction of a bankruptcy court reporter's notes that would have corroborated the defendant's testimony at his criminal trial. The court held that this assertion that the missing notes "might have been useful" fell short of the showing of "'actual' prejudice" required by the Supreme Court case law. Id. at 562. Similarly, the Court finds that the Defendant has failed to show substantial prejudice from the missing 9-1-1 recording. The Defendant asserts that he learned that his car had been towed shortly thereafter and went to the wrecker service that had the car. The fact that the Defendant was willing to track down his car–ostensibly because he did not know it contained drugs and a gun–is also corroborated by his trip to the wrecker service, a fact available through the testimony of the KPD officer on the scene.

Finally, the Court turns to the allegations of prejudice from the destruction of the tangible evidence seized from the Defendant's car in August 2005. With regard to this evidence, the Defendant asserts that he now cannot conduct independent testing on the cocaine or have the evidence tested for fingerprints. Although the Government seems to acknowledge that this evidence, with the exception of the gun, has been destroyed, it, nevertheless, asserts that the Defendant has not been prejudiced because a laboratory report exists with regard to the cocaine and the sandwich baggie box was tested for fingerprints, with the Defendant's fingerprints not being found on it. It

6

also asserts that it has photographs of the items taken from the Defendant's car. With regard to this evidence, the Court again finds that the Defendant has failed to show actual prejudice. His bare assertion that independent testing of the items taken from the car might have shown different results than the tests conducted by law enforcement is speculative. Moreover, the gun still exists and presumably could be tested for fingerprints by the defense.

The second prong that the Defendant must prove is that the Government intentionally caused the preindictment delay in order to gain a tactical advantage. See Marion, 404 U.S. at 324. The Defendant appears to be alleging that the Government intentionally delayed by arguing that it had no valid reason to delay. The Court notes that even when a prosecutor believes probable cause exists to seek an indictment, the prosecutor is not compelled to file charges that day or at any time before he or she is satisfied that the suspect's guilt can be proven beyond a reasonable doubt. Lovasco, 431 U.S. at 791. To hold otherwise would have negative consequences for potential defendants because it would "increase the likelihood of unwarranted charges being filed, and would add to the time during which defendants stand accused but untried." Id., see also Greene, 737 F.2d at 574 (observing that requiring the government to prove and courts to determine that the government brought the prosecution as soon as it had sufficient evidence to gain a conviction would impose burdensome record-keeping requirements on prosecutors, as well as burdening courts reviewing the prosecutors' decisions).

The Government cites to the ongoing investigation into the Defendant's activities as the reason for the delay. Unlike a prosecution intentionally delayed for the Government's tactical advantage, the prosecution of a defendant "following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time."

Lovasco, 431 U.S. at 796. Other than the Government's representation that it did not prosecute the Defendant earlier due to an ongoing investigation of his activities, the parties presented no evidence of the reasons for the delay. The Defendant argues the fact that the physical evidence seized from his car was destroyed in March 2008 belies the Government's assertion that its investigation of the events of August 2005 were ongoing. The Court observes that the Affidavit for Search Warrant, presented as an exhibit in this case with regard to the Defendant's suppression motion, states that the affiant officer had been investigating the distribution of cocaine and crack cocaine from the Defendant's residence since March 2008. The affidavit relates that this investigation included information from citizen complaints, surveillance, and information from a confidential informant who conducted three controlled buys inside the residence. The affidavit also states that officers checked the KPD's Drug Complaint database and learned that four anonymous citizen complaints of drug dealing at the Defendant's residence were made between May 2007 and April 2008, two of which specifically named the Defendant. The Court finds these assertions in the sworn affidavit help substantiate the Government's claim that the investigation of the Defendant has been ongoing.

Finally, the Court finds that the Defendant has presented no proof that the Government intentionally delayed the bringing of charges against the Defendant in order to gain a tactical advantage. The Court heard no proof as to the reason for the destruction of the physical evidence taken from the Defendant's car in August 2005. The Court concludes that there is no basis to support a finding that the Government intentionally delayed in order to gain a tactical advantage.

In summary, the Court finds that the Defendant has failed to show both that the delay was an intentional device by the Government for the purpose of gaining a tactical advantage and that the delay has caused him substantial prejudice. Accordingly, the Court finds that the near three-year

8

lapse of time from the commission of the alleged offense on August 24 and 25, 2005, to the indictment filed on July 22, 2008, does not violate fundamental concepts of justice or defy the standards of fair play and decency. See Lovasco, 431 U.S. at 790. Thus, the Court **RECOMMENDS** that the Defendant's Motion to Dismiss Counts 1-3 for Preindictment Delay [Doc. 50] be **DENIED**.

## CONCLUSION

After carefully considering the parties' arguments and the relevant legal authorities, the Court finds no basis to dismiss the indictment. For the reasons set forth herein, it is **RECOMMENDED** that defendant's Motion to Dismiss Counts 1-3 for Preindictment Delay [**Doc. 50**] be **DENIED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).