IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-111 |
| | ) | |
| JIMMY JEROME SMITH, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This case is before the Court on the Defendant's nine nondispositive

pretrial motions:

(1) Defendant's Motion for Disclosure of Material Witnesses [Doc. 41],

(2) Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 42],

(3) Motion for Exculpatory Evidence [Doc. 43],

(4) Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 44],

(5) Motion for Pretrial Production of Witness Statements [Doc. 45],

(6) Motion for Severance of Counts [Doc. 46],

(7) Motion for Disclosure of Impeaching Information [Doc. 48],

(8) Request for Notice of Electronic Surveillance [Doc. 53], and

1

(9) Motion for Discovery [Doc. 54],

all of which were filed on June 16, 2009. The Court held a hearing on the motions on August 14, 2009. Assistant United States Attorneys Tracee Plowell and Kelly Ann Norris represented the Government. Attorney Randall E. Reagan appeared on behalf of the Defendant, who was also present. The Court will address each of the motions below.

## I. DISCLOSURE OF MATERIAL WITNESSES

The Defendant asks [Doc. 41] the Court to order the government, pursuant to Roviaro v. U.S., 353 U.S. 53 (1957), to disclose the names and addresses of anyone present at the times and places of the alleged offenses. The Government responds [Doc. 56] that the confidential informant used in this case only aided the authorities in securing a search warrant. The Defendant was arrested based upon his possession of crack cocaine and firearms at the time the search warrant was executed. Thus, the Government argues that knowledge of the informant's identity in this case would not substantively assist the Defendant in the preparation of his defense.

At the August 14, 2009 hearing, defense counsel asserted that the search warrant affidavit relating to the July 2008 charges alleges that a confidential informant purchased drugs from an unknown black male at the Defendant's residence on three occasions. Mr. Reagan stated that he wants to interview the confidential informant, whom he believes possesses information material to the Defendant's defense that he was not involved in the sale of drugs at the residence while he lived there. The Government contended that under Roviaro, it holds an informer's privilege to withhold the identity of an informant. AUSA Plowell stated that the informant in this case was still working as a confidential informant for the Knoxville Police Department. She said that disclosure of the

informant's identity would jeopardize ongoing investigations and place the informant in "considerable danger." Mr. Reagan argued that the informer's privilege had to yield in this case because the informant possesses <u>Brady</u> material and is an essential witness for the defense. The Government stated that no <u>Brady</u> material existed with regard to this specific informant.

As a general rule, the government is not required to disclose the names of its witnesses before trial. <u>See</u> <u>United States v. Perkins</u>, 994 F.2d 1184, 1190 (6th Cir.), <u>cert. denied</u>, 510 U.S. 903 (1993); <u>United States v. McCullah</u>, 745 F.2d 350, 353 (6th Cir. 1984); <u>see also</u> <u>United States v. Dark</u>, 597 F.2d 1097, 1099 (6th Cir.), <u>cert. denied</u>, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

<u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957) (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. <u>Id.</u> at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." <u>Id.</u> at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Id.</u> at 62.

In performing this balancing, the court should consider among other factors the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of a confidential informant, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." Id. A court may require disclosure if it finds that the informant's provision of relevant testimony, which is material to the defense, is "reasonably probable." United States v. McManus, 560 F. 2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978). Once the defendant has made this initial showing, if the evidence reveals that "that it is reasonably probable that the informer can give relevant testimony, the burden should be on the Government to overcome this inference with evidence that the informer cannot supply information material to the defense." United States v. Eddings, 478 F.2d 67, 71 (6th Cir. 1973); see also United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985) (observing that the defendant bears the initial burden of showing that the informant's identity is relevant to his defense).

In the present case, the search warrant affidavit [see Doc. 55, Ex. 2] states that a "confidential and reliable informant"[1] infiltrated the residence of the Defendant and an "unknown

---

[1]The Court notes that the search warrant affidavit is written entirely in upper case letters. For ease of reading, the Court will state material quoted from the affidavit in upper and lower case letters.

black male" and made "at least three controlled purchases from the residence[.]" The affidavit further states that the informant purchased crack cocaine from the unknown black male within the last seventy-two hours. The affidavit also states that the informant identified the Defendant from a photograph as being the person from which he or she had made a controlled purchase of crack cocaine at least once. The execution of the search warrant resulted in the seizure of evidence that forms the basis of the Defendant's charges of possession of crack cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm on July 16, 2008 (Counts 4-6).

In balancing a defendant's need for the informant's identity against the public interest in protecting the flow of information, courts have looked to the informant's degree of involvement in the charged offenses. Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); Sharp, 778 F.2d at 1186 n.5 (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., McManus, 560 F.2d at 751 (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction). In the present case, Court finds there is no indication that the informant was involved in the charged offenses or even present at the execution of the search warrant. See, e.g., Jackson, 990 F.2d at 255 (affirming denial of disclosure when the informant was not present at the time the defendant was arrested).

The defendant seeks the identity of the confidential informant in order to learn the

identity of the unknown black male from whom the informant purchased drugs at the Defendant's residence. "[T]he Due Process Clause has been held to require the Government to disclose the identity of an informant at trial, provided the identity is shown to be relevant and helpful to the defense." United States v. Cummins, 912 F.2d 98, 103 (6th Cir. 1990) (citing Roviaro, 353 U.S. at 60-62). As the Government points out, the informant's prior purchase of drugs from an unknown black male at the Defendant's residence is not a defense to the July 2008 charges, which stem from the Defendant's possession of drugs and firearms at the time of the search warrant's execution. If the evidence forming the basis of a defendant's charges is "secured by government agents personally and [is] in no way dependant on any informer[,]" the Government does not have to produce the informant. United States v. Craig, 477 F.2d 129, 131 (6th Cir. 1973). Moreover, the Court would note that the Defendant is not entitled to know the identity of an informant for purposes of a suppression hearing. Cummins, 912 F.2d at 103. Thus, the Court finds that the present Defendant's purported need for the informant's identity merits little weight in the overall balancing that the Court must undertake. In this regard, the Court notes that the Government has represented that the informant has no Brady material with regard to the Defendant.

On the other side of the balance, the Court must weigh the danger to the informant. The Government contends that the confidential informant is still providing information to law enforcement and that the disclosure of the informant's identity would jeopardize other ongoing investigations. Moreover, the Government affirmatively states that disclosure of the informant's identity would endanger the informant. See Jackson, 990 F.2d at 255. Given the little weight the Court has assigned to the Defendant's alleged need for the confidential informant's identity, the Court finds that the balance tips in favor of the privilege. Accordingly, the Defendant's Motion for

6

Disclosure of Material Witnesses [**Doc. 41**] is **DENIED**.

## II.  EARLY DISCLOSURE OF 404(b) EVIDENCE

The Defendant asks [Doc. 42] the Court to order the Government to disclose the following information pursuant to Rule 404(b) of the Federal Rules of Evidence thirty days before trial:

> (1) Factual details regarding any alleged crime or bad act, including those the Government intends to introduce at trial,
>
> (2) If the evidence will be introduced through a document, the identity of that document and whether it is available for inspection and copying,
>
> (3) The witnesses who will testify about the crime or bad act or lay the foundation for an exhibit,
>
> (4) A summary of the witness's testimony and any information bearing upon his or her credibility,
>
> (5) Whether the act is the subject of a pending charge or criminal investigation and whether the Government will seek to prove that at trial, and
>
> (6) The element of the charged crimes for which the crime or bad act is offered as proof.

The Defendant contends that due process requires that he receive this information in time to review it and prepare to meet it or seek its exclusion.

The Government responds [Doc. 57] that it will provide notice of 404(b) evidence seven days before trial as required by the Court's Order on Discovery and Scheduling.  At the August 14 hearing, defense counsel noted that the Government has stated that the investigation of this case has been ongoing since August 2005.  Mr. Reagan contended that this case could

potentially involve a large amount of 404(b) evidence and that he would need thirty days to investigate this evidence and prepare to meet it.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 8, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the August 14 hearing, defense counsel gave no compelling need for an earlier disclosure but merely speculated that there could be a lot of 404(b) evidence in this case. The Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling.

With regard to the type of information the government must provide in its 404(b) notice, the Sixth Circuit has held that "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Barnes, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. Id. at 1149. Furthermore, the Advisory Committee Notes to the rule confirm that the government must only provide general information in its notice:

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure,

8

such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

Guided by the case law and the Advisory Committee Notes to the rule, the Court finds that the Defendant is not entitled to the level of detail in the notice that he is requesting in his motion. Instead, the Government is simply ordered to give notice of the general nature of any 404(b) evidence it intends to introduce at trial. If the Defendant believes that the Government is not entitled to introduce the evidence of which it gives notice, he may file a motion *in limine* seeking its exclusion. The Government's response to such motion will inform the Defendant of the theory or element which the Government believes provides the basis for the evidence's admissibility under Rule 404(b). Thus, the Court finds that a general notice would not prevent the defendant from preparing to exclude the 404(b) evidence.

Accordingly, the Defendant's Request for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 42**] is **DENIED** in light of the fact that Order on Scheduling and Discovery already adequately provides for pretrial notice of the Government's intention to introduce 404(b) evidence.

## III. DISCOVERY ISSUES

The Defendant moves [Docs. 43, 48, and 54] the Court to order the Government to produce certain evidence in discovery.

*(A.) Exculpatory and Impeaching Evidence*

In his Motion for Exculpatory Evidence [Doc. 43], the Defendant requests the

production of any evidence, witnesses, and documents in the Government's possession that is

"favorable" to him in that he could use it to impeach the credibility of Government witnesses.  In

this respect, he specifically requests:

> (1) Money or other remuneration paid to Government witnesses;
>
> (2) Information on the mental condition of Government witnesses;
>
> (3) Statements inculpating the Defendant that a witness later retracted, changed, or contradicted;
>
> (4) Interview memoranda or reports that contradict other evidence the Government seeks to introduce;
>
> (5) Names and addresses of witnesses who would testify favorably to the Defendant;
>
> (6) The results of scientific tests that exculpate or are neutral to the Defendant;
>
> (7) Documentary evidence that is inconsistent with any evidence the Government seeks to present;
>
> (8) Statements giving a description of the perpetrator which do not match the Defendant;
>
> (9) Name and address of any person asked to make an identification of the Defendant,
>
> (10) Information regarding any pretrial, extrajudicial identification of the Defendant, and
>
> (11) Evidence on the Defendant's mental state at the time of the offense(s) that would tend to negate the requisite specific intent of the crimes.

The Government responds [Doc. 58] that it opposes the pretrial provision of exculpatory material,

arguing that the Court's Order on Discovery and Scheduling already provides for the timing of the

disclosure of exculpatory evidence and that there is no authority for compelling pretrial disclosure.

The Defendant also asks [Doc. 48] for the pretrial production of information he could use to impeach the Government's witnesses, to include the following:

> (1) The criminal history of any Government witness,
>
> (2) Records revealing prior misconduct or bad acts of Government witnesses;
>
> (3) Any promise of something of value or other consideration given to a Government witness;
>
> (4) Any pending criminal prosecutions or investigations against a Government witness;
>
> (5) Each occasion on which a Government witness has testified or otherwise narrated the facts of the case;
>
> (6) Each occasion on which a Government witness has furnished a statement;
>
> (7) Personel files or other government files, including government intelligence files, pertaining to or mentioning a Government witness; and
>
> (8) Other records or information that would be useful in impeaching a Government witness or in discovering such impeaching information.

The Government opposes [Doc. 62] this motion as well, arguing that the Court's Order on Discovery and Scheduling already directs the disclosure of impeachment evidence. The Government states that it will abide by the Court's Order but that it resists the provision of impeaching material prior to trial.

At the August 14 hearing, defense counsel mentioned two items of exculpatory evidence that he wanted the Government to disclose. He wanted the fingerprint reports from the

11

fingerprint testing of a box of sandwich baggies and a leather bag taken from his car in 2005 and a safe and firearms seized from his house in 2008. AUSA Plowell stated that the Defendant's fingerprints were not recovered from any of these items and that if the fingerprints of other individuals were found on these items, the Government would turn that information over to the Defendant.

The Court finds that it has already ordered the Government to turn over exculpatory and impeaching information in the Order on Discovery and Scheduling. With regard to the fingerprint reports that the Defendant specifically mentioned at the August 14 hearing, the Government agreed to provide those reports if they revealed that the fingerprints of individuals other than the Defendant were found on the items tested. Accordingly, it appears that the parties have reached a resolution on the only specific items brought to the Court's attention. The Defendant's Motion for Exculpatory Evidence [**Doc. 43**] and Motion for Disclosure of Impeaching Information [**Doc. 48**] are **DENIED as moot**.

*B. Rule 16 Discovery*

The Defendant also asks [Doc. 54] the Court to order the Government to provide the following items in discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure:

> (1) Fingerprint data and results from fingerprint testing performed on any of the items taken from the Defendant's vehicle on August 24, 2005, and from the items seized during the search of 3009 Wimpole Avenue;
>
> (2) Results of DNA testing on any items taken from the Defendant's vehicle on August 24, 2005, and from the items seized during the search of 3009 Wimpole Avenue on July 16, 2008;

12

(3) The original digital photographs taken of the Defendant's car and the items taken from his car on August 24, 2005, and during the execution of the search warrant on 3009 Wimpole Avenue on July 16, 2008;

(4) Any statements of the Defendant given to law enforcement on August 24, 2005, or July 16, 2008;

(5) Any statements of persons at Knoxville Area Transportation (KAT) who were interviewed by Officer Bruce Conkey, to include Officer Conkey's rough notes of any such interviews, and who stated that the Defendant was at work on the night of August 23, 2005, to August 24, 2005;

(6) A report filed by the Defendant with the KPD which is referenced in paragraph seven of the search warrant affidavit;

(7) Copies of all documents and photographs of the seizure of Tonya Nolan's Chevy Caprice at 3009 Wimpole Avenue on July 16, 2008;

(8) Copies of any arrest warrants and charging documents charging Tonya Nolan with any criminal offense arising from the execution of the search warrant at 3009 Wimpole Avenue on July 16, 2008; and

(9) Copies of any audio or video recordings made by law enforcement of the Defendant and Tonya Nolan on July 16, 2008.

The Defendant requests that these items be provided as soon as possible.

The Government responds [Doc. 54] that it has complied with Rule 16 and the Court's Order on Discovery and Scheduling, and that the Defendant has received all the materials to which he is entitled. It maintains that the materials the Defendant requests in his motion either do not exist, are not discoverable, or are public documents equally available to the Defendant upon

13

request from the KPD.

At the August 14 hearing, the Court addressed each of the Defendant's listed items. With regard to the results of fingerprint testing, as described above, defense counsel listed the items which he believed had been tested. The Government agreed to provide those reports if they revealed that the fingerprints of individuals other than the Defendant were found on the items tested. With regard to DNA testing (item number two), defense counsel stated and AUSA Plowell confirmed that no DNA testing was performed in this case.

With regard to photographs (item number three) of the evidence, defense counsel stated that he had arranged a time with Officer Conkey to view the photographs taken of his car and the items seized therefrom, but that Officer Conkey ultimately had a conflict with the meeting time. He stated that he also had yet to inspect the original digital photographs taken on July 16, 2008. AUSA Plowell stated that the Government had provided the Defendant with copies of the photographs and had attempted to arrange for defense counsel to meet with the agent to view the original photographs. She stated that the parties would continue to work together to bring about that meeting.

Defense counsel stated that although he had received copies of reports made by Officer Conkey on August 24, 2005, he had not received Conkey's rough notes that would contain his statements (item number four). He also had not received any statements (item number 5) stemming from Conkey's interview of the Defendant's KAT supervisor on August 24, 2005. AUSA Plowell responded that the Defendant gave no statements to law enforcement officers and that the statement of the KAT supervisor was not discoverable. As discussed more fully in section V. below, the Jencks Act permits the Government to withhold witness statements or reports, even those that

14

would be favorable to the Defendant, until after the witness testifies. 18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2; United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988). Accordingly, the statement of the KAT supervisor is not discoverable at this juncture.

With regard to the report the Defendant gave the KPD (item number six), the documents (item number seven) relating to the seizure of Tonya Nolan's car on July 16, 2008, and the charging instruments and arrest warrants (item number eight) for Tonya Nolan, AUSA Plowell argued that these were public documents equally available to the Defendant upon his request. Rule 16 requires the disclosure of "papers" and "documents" that are "within the government's possession, custody, or control and: (i) the item is material to preparing the defense, (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). The Government appears to be arguing that the requested items are not in its possession, custody or control and that the Defendant is equally able to secure the items as it is. Courts examining Rule 16(1)(a)(E) have held that items possessed by state officials are not within the federal government's possession, custody, or control. United States v. Marshall, 132 F.3d 63, 68 (D.C. Cir. 1998) (holding that the term "government" in Rule 16 does not include local law enforcement); United States v. Hamilton, 107 F.3d 499, 509 n.5 (7th Cir.) (observing that "[u]nlike Brady, however, Rule 16(a)(1)(C) imposes upon the federal government no duty to obtain documents that are controlled by the state government or police, even if the prosecution is aware of the items"), cert. denied, 521 U.S. 1127 (1997); United States v. Chavez-Vernaza, 844 F.2d 1368, 1375 (9th Cir. 1987) (holding that Rule 16 did not obligate federal government to obtain financial records from state officials, even though the prosecutor was aware of the records, because the federal government had no control over them). Rule 16 does not obligate

15

"the government to fish through public records and collate information which [is] equally available to the defense." United States v. Flores, 540 F.2d 432, 437 (C.D. Cal. 1976) (holding government was not required to disclose names and case numbers for other cases in which the informant had testified for the government). Accordingly, Rule 16 does not require the Government to disclose the KPD police report and the documents relating to the seizure of Tonya Nolan's car. Tonya Nolan's indictment and arrest warrant are documents filed in case number 3:09-CR-67 pending before the District Court. Accordingly, the Court finds that defense counsel can easily access those documents. AUSA Plowell agreed that the Government would provide the Defendant with the photographs (item number seven) of Nolan's car taken on July 16, 2008.

Finally, defense counsel acknowledged that the Government had informed him that there were no recordings (item number nine) from electronic surveillance of the Defendant and Tonya Nolan from before the execution of the search warrant. Defense counsel expanded his request to include any recordings of electronic surveillance by an informant in this case. AUSA Plowell confirmed that there were no recordings from the investigation.

The Court finds that the Government has agreed to disclose the results of fingerprint testing, the original digital photographs taken of the Defendant's car in 2005 and during the execution of the search warrant in 2008, and photographs of Tonya Nolan's car taken on July 16, 2008. The Court finds that there are no DNA test results, statements by the Defendant, or recordings of electronic surveillance to be disclosed. Finally, the Court finds that the defendant is not entitled to disclosure of the KAT supervisor's statement at this time as that statement is covered by the Jencks Act. The Court also concludes that Rule 16 does not require the Government to disclose the KPD report referenced in the search warrant affidavit or the documents relating to the seizure of

16

Tonya Nolan's car. The Court finds that defense counsel has ready access to Tonya Nolan's arrest warrant or charging document, which are public documents in a case pending before the District Court. Accordingly, the Defendant's Motion for Discovery [**Doc. 54**] is **DENIED**.

## IV. NOTICE OF INTENT TO USE EVIDENCE UNDER RULE 12(b)(4)(B)

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the Defendant moves [Doc. 44] for notice of the evidence that the Government intends to use in its case-in-chief at trial that would arguably be subject to suppression. The Government responds [Doc. 59] that it intends to use all evidence provided in discovery in its case-in-chief. Additionally, the Government argues that Rule 12(b)(4)(B) does not entitle the Defendant to the type of notice he is requesting. At the August 14 hearing, defense counsel acknowledged that the Defendant had been given notice of all of the evidence in this case, including the fact that the Government would use all of the crack cocaine found at the Wimpole Avenue address on July 16. The Government agreed with this statement.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[2] Here, the Government has given notice in its response of its intent to use all evidence that it provided in discovery. Moreover, the Court notes that the Defendant has already filed a suppression motion [Doc. 44], which the Court heard on August 14, 2009. Accordingly, the Court finds that the Defendant has already received the notice for which he asks in his motion, although not necessarily in the format requested. Thus, the Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [**Doc. 44**] is **DENIED as moot**.

## V. PRETRIAL DISCLOSURE OF WITNESS STATEMENTS

The Defendant asks [Doc. 45] the Court to order the Government to produce the statements of its witnesses before trial in order to avoid the need for lengthy recesses while defense counsel examines the statements following the witness's direct testimony at trial. The Government

---

[2]The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

responds [Doc. 60] that the Court cannot compel the pretrial production of Jencks Act materials. It states that it will comply with the Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure. At the August 14 hearing, defense counsel specifically requested the statements of people present at the Wimpole Avenue residence at the time the search warrant was executed, namely Tonya Nolan, Demarcus Dubose, and Deon Smith. He contended that these individuals could have exculpatory evidence. He wanted their statements in advance of trial so that he could determine the need to subpoena them as trial witnesses.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 8] also

19

encourages the early production of Jencks Act materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses' testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

In the present case, the Government noted its informal practice of providing Jencks materials in advance of trial in order to protect against delay. The Court finds that the Government is aware of its duty to turn over witness statements after the witness testifies and has expressed an intent to permit earlier disclosure. Although the Defendant desires the Court to order early production of witness statements, this Court simply does not have authority to order the pretrial production of Jencks materials. Presser, 844 F.2d at 1283. Accordingly, the Defendant's Motion for Pretrial Production of Witness Statements [**Doc. 45**] is **DENIED**.


## VI. SEVERANCE OF COUNTS

The Defendant moves [Doc 46] the Court to sever Counts 1 through 3 from the trial of Counts 4 through 6 pursuant to Rule 14 of the Federal Rules of Criminal Procedure because a joint trial of all six counts would cause substantial, undue, and compelling prejudice to his constitutional rights. He asserts that Counts 4 through 6 are alleged to have occurred on July 16, 2008, nearly three years after the events in Counts 1 through 3, which are alleged to have occurred on August 25, 2005. He argues that a joint trial of these two separate occurrences would compromise his right to testify in his own behalf or to not be compelled to testify, prejudice his defense of denying that the drugs and weapons found in his car on August 25, 2005, belonged to

him, and prevent the jury from making a reliable determination of his guilt or innocence as to each count of the Indictment.

The Government responds [Doc. 61] that all six counts are properly joined for trial and that the Defendant has failed to show undue prejudice from their joinder. It argues that the lack of temporal proximity notwithstanding, these counts are properly joined under Rule 8, Fed. R. Crim. P., as offenses of the same or similar character because they involve two instances of possession of controlled substances with intent to distribute. It contends that the Defendant has failed to show that he has both important testimony to give with regard to one group of counts and a compelling need to avoid testifying with regard to the other group of counts. Moreover, it asserts that the evidence in this case is uncomplicated and a jury instruction can easily cure any potential "spillover" effect of the evidence.

On July 22, 2008, the Defendant was charged in a six-count Indictment [Doc. 3], which alleges that he possessed cocaine with intent to distribute on August 24, 2005 (Count One); used a firearm in relation to a drug trafficking crime on August 24, 2005 (Count Two); was a felon in possession of a firearm on August 25, 2005 (Count Three); possessed crack cocaine with intent to distribute on July 16, 2008 (Count Four); possessed a firearm in furtherance of a drug trafficking crime on July 16, 2008 (Count Five); and was a felon in possession of a firearm on July 16, 2008 (Count Six). The Defendant wishes to sever the counts relating to the events of August 24 through 25, 2005, from those relating to the events of July 16, 2008.

The Court agrees with the Government that Counts 1 through 3 are of the "same or similar character" as Counts 4 through 6 and are therefore properly joined under Rule 8. Fed. R. Crim. P. 8(a). Moreover, the fact that nearly three years elapsed between the events alleged in

Counts 1 through 3 and those alleged in Counts 4 through 6 does not mean that the counts are misjoined, as the Court of Appeals has ruled that counts may be properly joined because they are of the same or similar character despite a "significant gap in time" between the indicted offenses. United States v. Chavis, 296 F.3d 450, 458 (6th Cir. 2002); see also United States v. Nolan, No. 04-6311, 2006 WL 126716, at *3 (6th Cir. Jan. 18, 2006) (two years between drug trafficking offenses). Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

First, the Defendant argues that a joint trial would impinge upon his right to testify in his own behalf because he could not testify with respect to only some of the counts and choose

not to testify about others. The Court of Appeals for the Sixth Circuit has rejected this argument for severance unless the defendant makes a "'convincing showing'" that he has both "'important testimony'" to give regarding one or more counts and a "'strong need'" to remain silent with regard to another count or counts. United States v. Bowker, 372 F.3d 365, 385 (6th Cir. 2004) (quoting United States v. Martin, 18 F.3d 1515, 1518-19 (10th Cir. 1994)), vacated on other gnds 543 U.S. 1182 (2005) (remanding for reconsideration of sentencing issue). On this issue, "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." Id.

At the August 14 hearing, defense counsel stated that the Defendant would like to testify about the August 2005 incident in order to deny that the drugs and weapons found in his car were his. On the other hand, defense counsel noted that the Defendant had a strong interest in not testifying with respect to Counts 4 through 6 because he would be forced to give evidence against his son and nephew who were present at the residence at the time of his arrest. The Court finds that the Defendant has failed to present a "strong need" to remain silent with regard to Counts 4 through 6. The Fifth Amendment protects against self-incrimination, rather than the incrimination of others. Moreover, there is no federal common law privilege for testifying against one's children or family members like there is for one's spouse. United States v. Ismail, 756 F.2d 1253, 1258 (6th Cir. 1985); see also Grand Jury Proceedings of John Doe v. U.S., 842 F.2d 244, 246 (10th Cir.) (collecting cases), cert. denied, 488 U.S. 894 (1988). Finally, the Court notes that defense counsel stated that the Defendant would seek to show that the drugs and weapons were not his in both instances. Thus, the Court does not perceive a conflict between the defenses to the two sets of counts. Accordingly, the Court finds that the Defendant has failed to make the required showing for a severance based upon his desire to testify with regard to some counts but not others.

Next, the Defendant asserts that a joint trial of all counts would prejudice his defense that the drugs and weapons found in his car on August 25, 2005, did not belong to him. At the August 14 hearing, defense counsel elaborated that while the jury might believe a defense that the contraband was not his with regard to the August 2005 offenses or the July 2008 offenses separately, it would not likely believe a denial as to both sets of offenses in the same trial. In this regard, he argued that by trying both sets of offenses in the same trial, the Court would essentially be permitting the jury to hear evidence that he had the propensity to commit these types of crimes. In this way, a joint trial would prevent the jury from making a reliable determination of his guilt or innocence as to each count of the Indictment. The Government responded that evidence of Counts 1 through 3 would be admissible in a separate trial of Counts 4 through 6 to show the Defendant's intent. Additionally, it maintained that proper jury instructions would permit the jury to separate its consideration of each individual count.

The Sixth Circuit has held that "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count. United States v. Murphy, 836 F.2d 248, 256 (6th Cir. 1988); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (examining failure to sever defendants), cert. denied, 499 U.S. 963 (1991). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006)

(examining failure to sever arson counts); <u>Moore</u>, 917 F.2d at 220 (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). The defendant must still show that differences in the "quantum" of evidence relating to separate counts creates a "'substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." <u>Hang Le-Thy Tran</u>, 433 F.3d at 478 (quoting <u>United States v. Williams</u>, 711 F.2d 748, 751 (6th Cir. 1983)).

In the present case, the fact that the drug and firearms offenses occurred at separate times will permit the jury to distinguish the evidence relating to each count. Moreover, the trial court can instruct the jury to consider the evidence relating to each count separately. Accordingly, the Court finds that the Defendant has failed to show substantial or compelling prejudice will arise from a joint trial of all six counts.

Finally, although the issue of whether evidence of the August 2005 offenses would be admissible at a separate trial of the July 2008 offenses is not before the Court, the Government makes a compelling argument that such evidence would be admissible under Rule 404(b) to show the Defendant's intent with regard to the contraband. Rule 404(b), Fed. R. Evid., provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In determining whether 404(b) evidence is admissible, the Court must make a three part inquiry: (1) Did the other crime, wrong, or act occur?, (2) Is the evidence in question relevant to a material issue other than character?, and (3) Whether the danger of unfair prejudice from the admission of the evidence substantially outweighs

its probable value.  See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994).  Here the danger of unfair prejudice turns upon whether the jury will be able to separate the evidence of the 2005 offenses from that of the 2008 offenses.  The Court has already found that it will be able to do so.  Accordingly, without deciding the 404(b) issue, the Court finds this argument at least weighs in favor of joinder of all six counts for trial.

The Court finds that the Defendant has failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials.  Thus, the Defendant's Motion for Severance of Counts [**Doc. 46**] is **DENIED**.

## VII.  ELECTRONIC SURVEILLANCE

The Defendant asks [Doc. 53] the Government for notice of whether any electronic surveillance has been conducted in this case.  If there has been electronic surveillance, the Defendant asks the Court to order the Government to provide an inventory of the electronic surveillance as well as the contents of all intercepted communications.  The Government responds [Doc. 66] that there has been no electronic surveillance in this case.  At the August 14 hearing, defense counsel agreed that this motion was no longer at issue.  Accordingly, the Defendant's Request for Notice of Electronic Surveillance [**Doc. 53**] is **DENIED as moot**.

## VIII.  CONCLUSION

After careful consideration of the parties briefs and arguments, it is **ORDERED**:

(1) The Defendant's Motion for Disclosure of Material Witnesses [**Doc. 41**] is **DENIED**;

(2) The Defendant's Request for Pretrial Disclosure of Rule 404(b)

Evidence [**Doc. 42**] is **DENIED**;

(3) The Defendant's Motion for Exculpatory Evidence [**Doc. 43**] is **DENIED as moot**;

(4) The Defendant's Motion for Disclosure of Impeaching Information [**Doc. 48**] is **DENIED as moot**;

(5) The Defendant's Motion for Discovery [**Doc. 54**] is **DENIED**;

(6) The Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [**Doc. 44**] is **DENIED as moot**;

(7) The Defendant's Motion for Pretrial Production of Witness Statements [**Doc. 45**] is **DENIED**;

(8) The Defendant's Motion for Severance of Counts [**Doc. 46**] is **DENIED**; and

(9) The Defendant's Request for Notice of Electronic Surveillance [**Doc. 53**] is **DENIED as moot**.


**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge