# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-111 |
| | ) | (Phillips) |
| JIMMY JEROME SMITH | ) | |

## MEMORANDUM AND ORDER

On September 14, 2009, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed an 9-page Report and Recommendation (R&R) [Doc. 73] in which he recommended that defendant's motion to dismiss due to preindictment delay [Doc. 50] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 74]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Guyton's thorough analysis of the legal issues arising from the hearing conducted by him on August 14, 2009. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to dismiss due to preindictment delay will be denied.

On July 22, 2008, defendant was charged in a six-count indictment which alleges that he possessed cocaine with intent to distribute on August 24, 2005 (Count One); used a firearm in relation to a drug trafficking crime on August 24, 2005 (Count Two); was a felon in possession of a firearm on August 25, 2005 (Count Three); possessed crack cocaine with intent to distribute on July 16, 2008 (Count Four); possessed a firearm in furtherance of a drug trafficking crime on July 16, 2008 (Count Five); and was a felon in possession of a firearm on July 16, 2008 (Count Six).

Defendant argued before the magistrate judge that the government had no valid reason to delay bringing the charges relating to the 2005 offenses for three years. He also maintained that the delay in bringing charges impaired his ability to prepare a defense due to dimmed recollections of events, difficulty in locating witnesses, and the potential loss of testimony of one witness. The government responded that the preindictment delay in this case resulted from its ongoing investigation of defendant's actions. Further, the government argued that the indictment was brought within the applicable five-year statute of limitations. *See* 18 U.S.C. §3282(a).

Defendant objects to the findings of the magistrate judge that there was no showing of prejudice to the defense by the almost three-year delay between the date of the offense and the return of the indictment. In the R&R, the magistrate judge found that defendant had not shown substantial prejudice from the preindictment delay. The magistrate judge noted that assuming defendant's KAT supervisor could not be located, defendant had not shown that his employment records from KAT were unavailable.

-2-

Regarding defendant's inability to obtain a recording of his 911 call to report his car stolen, the magistrate found this was corroborative evidence, which could be shown at trial through other means. Regarding the destruction of the physical evidence seized from defendant's car in August 2005, the magistrate judge found because laboratory reports exist as to the cocaine and the fingerprints from the sandwich baggie box (which were not defendant's fingerprints), defendant could not show actual prejudice as to the destruction of these items. Moreover, the gun still exists and can be tested for fingerprints by defendant. Thus, defendant cannot show "substantial prejudice" to his ability to prepare a defense in this case.

Defendant also objects to the magistrate judge's finding that there was no showing that the government intentionally delayed charging the defendant to obtain a tactical advantage. The magistrate judge found that the delay in indicting defendant arose from the ongoing investigation of defendant. The affidavit for search warrant entered into evidence during the hearing before the magistrate judge, states that the officer had been investigating the distribution of cocaine and crack cocaine from the defendant's residence since March 2008. The affidavit relates that this investigation included information from citizen complaints, surveillance, and information from a confidential informant who conducted controlled buys inside the residence. The affidavit further states that KPD received four anonymous citizen complaints of drug dealing at defendant's residence between May 2007 and April 2008.

The Sixth Circuit has held that "dismissal for preindictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982); *United States v. Greene*, 737 F.2d 572 (6th Cir. 1984). 18 U.S.C. § 3282(a) imposes a five-year statute of limitations for all non-capital cases, so the indictment in this case was timely filed. Moreover, the government is under no constitutional obligation to seek an indictment once it has obtained sufficient evidence of defendant's guilt, *Greene*, 737 F.2d at 575, and an ongoing investigation constitutes a valid purpose for a delay in filing charges. *See United States v. Lovasco*, 431 U.S. 783, 794 (1977). In addition, the United States Supreme Court has held that witnesses' loss of memory or the loss of evidence are insufficient reasons for dismissing counts due to preindictment delay. *See United States v. Marion*, 404 U.S. 307, 325 (1971). The court agrees with the magistrate judge that defendant failed to show that the government intentionally delayed bringing charges against him in order to gain a tactical advantage.

Based upon a review of the record in this case, the court finds that the R&R correctly analyzed every issue raised by defendant. For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 74] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 73] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to dismiss due to preindictment delay [Doc. 50] is **DENIED**.

ENTER:

    s/ Thomas W. Phillips
United States District Judge